Filed By: PHILIP W. THOMAS | Filed: 1/9/2014 2:18 PM | Number: CV2014-000002 | FILED BY DEPUTY VICKY WATSON ON 1/9/2014 - 2:18 PM LEE Circuit Joyce Loftin CASE NB CV2014-000002 - JSP CIRCUIT COURT CIVIL - CID = 41 CLERK JOYCE R LOFTIN | Judge: JSP

# IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI

**KAREN CAVINESS, ADMINISTRATRIX
OF THE ESTATE OF MAMIE KATHERINE
CHISM, DECEASED**                                                         **PLAINTIFF**

**VS.**                                     CIVIL ACTION NO. _CV14-002 (P)(L)_

**JASON SHELTON and
SHELTON & ASSOCIATES, P.A.**                                              **DEFENDANTS**

## COMPLAINT

### Jury Trial Demanded

Plaintiff, Karen Caviness in her representative capacity as Administratrix of the Estate of Mamie Katherine Chism, deceased, files this Complaint against Defendants, Jason Shelton and Shelton & Associates, P.A. (Shelton & Associates) as follows:

### I. Parties

1. Plaintiff Karen Caviness is an adult resident citizen of Union County, Mississippi. Karen Caviness is the Administratrix of the Estate of Mamie Katherine Chism, deceased. By order dated December 13, 2013, the Chancery Court of Union County approved the filing of this lawsuit on behalf of the estate.

2. Defendant, Jason Shelton is an adult resident citizen of the State of Mississippi. Mr. Shelton is licensed to practice law in Mississippi and is an attorney employed by the Shelton & Associates law firm.

3. Defendant Shelton & Associates, P.A., is a Mississippi professional corporation with its principal place of business located in Tupelo, Lee County, Mississippi. Shelton & Associates can be served with process by

FILED
JAN 0 9 2014
JOYCE R. LOFTIN
LEE CO. CIRCUIT CLERK
_____ D.C

EXHIBIT
B

FILED BY DEPUTY VICKY WATSON
ON 1/9/2014 - 2:18 PM
CASE NB CV2014-000002 - JSP
CIRCUIT COURT CIVIL - CID = 41
CLERK JOYCE R LOFTIN

serving its register agent for service of process, Jason Shelton, at 218 N. Spring Street, Tupelo, Mississippi 38802.

## II. Jurisdiction and Venue

4. This Court has jurisdiction over this matter, since the amount in controversy exceeds the jurisdictional minimum.

5. Venue is proper in this Court since Shelton & Associates' principal place of business is located in Lee County and the action occurred or accrued in Lee County, Mississippi.

## III. Facts

6. Mamie Chism was a resident of Union County, Mississippi.

7. Margaret Bailey was Mamie Chism's niece.

8. In approximately 1999, Mamie Chism began taking the prescription drug Vioxx on a daily basis. Mamie Chism took Vioxx on a regular basis until her death.

9. The prescription drug Vioxx caused heart defects, including heart defects that caused the death of some people who took the drug.

10. Mamie Chism died on December 14, 2003. The cause of death was myocardial infarction (heart attack).

11. In 2005 Margaret Bailey hired Defendants Jason Shelton and Shelton & Associates to represent the Estate of Mamie Chism in a wrongful death lawsuit against the manufacturer of Vioxx.

12. Margaret Bailey was one of many people who hired Defendants to pursue claims against Merck & Co. for injuries caused by Vioxx.

FILED BY DEPUTY VICKY WATSON
ON 1/9/2014 - 2:18 PM
CASE NB CV2014-000002 - JSP
CIRCUIT COURT CIVIL - CID = 41
CLERK JOYCE R LOFTIN

13. On October 25, 2007, Defendants filed in the Circuit Court of Tippah County a civil action against Merck & Co., Inc., the manufacturer of Vioxx, for injuries suffered by Mamie Chism caused by Vioxx.

14. Merck & Co. removed the Tippah County lawsuit to federal court and the action was transferred to a Multidistrict Litigation proceeding pending in the United States District Court for the Eastern District of Louisiana.

15. In approximately 2008, Merck & Co. agreed to settle all Vioxx cases pending in the Multidistrict Litigation.

16. Jason Shelton' and Shelton & Associates enrolled Margaret Bailey's claim on behalf of Mamie Chism in the Vioxx settlement program.

17. Participation in the Vioxx settlement was contingent on plaintiffs in the lawsuit providing basic information relating to the person who took Vioxx, including proof that the person took Vioxx.

18. The Vioxx settlement administrator used the information provided by claimants to determine the amount of money that each victim would receive in the settlement. The Vioxx settlement calculator is publicly available on-line at http://www.officialvioxxsettlement.com/calculator/.

19. If Defendants had submitted all the required information to the Vioxx settlement administrator, Mamie Chism's representative would have recovered a substantial settlement amount on behalf of her estate.

FILED BY DEPUTY VICKY WATSON
ON 1/9/2014 - 2:18 PM
CASE NB CV2014-000002 - JSP
CIRCUIT COURT CIVIL - CID = 41
CLERK JOYCE R LOFTIN

20. Attorneys representing plaintiffs in the Vioxx litigation had many months to compile the required information and submit it to the settlement administrator.

21. If attorneys did not submit information by the required deadline, reminder notices were provided by the settlement administrator the attorneys.

22. Margaret Bailey provided all information to Defendants that were needed in order for Mamie Chism's estate to recover a settlement in the Vioxx litigation.

23. During the 2008-2009 time period, the offices of Jason Shelton and Shelton & Associates were in turmoil. The attorneys in the office were largely absent and delegated the task of compiling and submitting information related to the firm's many Vioxx clients to non-attorney staff members.

24. The staff member(s) charged with compiling and submitting client information related to the Vioxx settlements did not complete the work for many firm clients, including Margaret Bailey as representative for Mamie Chism.

25. As a result, the Vioxx claims for many of the Defendants' clients were dismissed.

26. Jason Shelton and the other attorneys at Shelton & Associates did not adequately supervise the staff member(s) charged with compiling and submitting information related to the Vioxx settlements.

FILED BY DEPUTY VICKY WATSON
ON 1/9/2014 - 2:18 PM
CASE NB CV2014-000002 - JSP
CIRCUIT COURT CIVIL - CID = 41
CLERK JOYCE R LOFTIN

27. On August 21, 2009, as a direct result of Defendants' failure to submit the required information to the settlement administrator, the United States District Court for the Eastern District of Louisiana entered a Stipulation of Dismissal with Prejudice of Margaret Bailey's case as representative for Mamie Chism.

28. Jason Shelton personally signed the Stipulation of Dismissal, which stated in part that: "the undersigned counsel hereby stipulate that all claims of plaintiff Margaret Bailey, individually and as Representative of the Estate of Mamie Chism, against defendant Merck & Co., Inc. and all other named defendants be dismissed in their entirety with prejudice, each party to bear its own costs."

29. On October 2, 2009, Defendants Jason Shelton and Shelton & Associates filed a Petition for Probate of Estate of Mamie Katherine Chism and Appointment of Administrator in the Chancery Court of Union County, Mississippi.

30. On October 2, 2009, the Chancery Court of Union County entered an Order Authorizing Appointment of Administrator and Issuance of Letters of Administration.

31. On October 5, 2009, Jason Shelton petitioned the Multidistrict Litigation Court in New Orleans to allow Margaret Bailey to opt-out of the settlement program and lift stay, or, in the alternative, requesting the court to allow medical documentation as timely submitted. In the motion, Jason Shelton and Shelton & Associates admitted that a claims package was not

FILED BY DEPUTY VICKY WATSON
ON 1/9/2014 - 2:18 PM
CASE NB CV2014-000002 - JSP
CIRCUIT COURT CIVIL - CID = 41
CLERK JOYCE R LOFTIN

submitted on behalf of claimant (Mamie Chism) in a timely manner pursuant to the rules of the settlement program.

32. The motion to opt-out also stated that claimant missed the deadline because it was believed at the time "that the Claimant would not qualify for funding under the settlement program because of a question of Vioxx, but, it has since been determined that claimant would qualify under the settlement because she has adequate proof of usage and died of a sudden myocardial infarction (heart attack)."

33. The representation that Mamie Chism's claim qualified for the settlement and that she died of a heart attack was true.

34. The representation that claimant missed the deadline because it was believed claimant would not qualify for the settlement was false. Jason Shelton and Shelton & Associates made this misrepresentation to the court in order to conceal their own negligence.

35. On October 7, 2009 the Court entered an order denying the motion to opt-out.

36. At no time before or after October 7, 2009 did Jason Shelton or anyone with Shelton & Associates disclose to Margaret Bailey the true circumstances surrounding the dismissal of Mamie Chism's claim from the Vioxx litigation.

37. Margaret Bailey's lawsuit on behalf of Mamie Chism was dismissed as a direct result of Defendants' negligence.

6

FILED BY DEPUTY VICKY WATSON
ON 1/9/2014 - 2:18 PM
CASE NB CV2014-000002 - JSP
CIRCUIT COURT CIVIL - CID = 41
CLERK JOYCE R LOFTIN

38. Jason Shelton and Shelton & Associates fraudulently concealed their negligent conduct from Margaret Bailey and other people who the firm represented in Vioxx litigation.

39. Defendants never disclosed their negligence to Margaret Bailey or other victims of similar acts by Defendants.

40. Margaret Bailey died on February 28, 2011.

41. In 2013 Ms. Bailey's family was notified of the negligence committed by Jason Shelton and Shelton & Associates. Until this time, Defendants' fraudulently concealed their negligence and breach of fiduciary duty from Ms. Bailey, her heirs and the heirs of Mamie Chism.

IV. Cause of Action

A. Negligence / Legal Malpractice

42. There existed an attorney-client relationship between Margaret Bailey acting on behalf of Mamie Chism as client and Jason Shelton, Shelton & Associates, and other Shelton & Associates lawyers.

43. Jason Shelton and other Shelton & Associates attorneys were negligent in handling the affairs of Margaret Bailey acting on behalf of Mamie Chism that were entrusted to them.

44. Mamie Chism's estate was damaged as a result of Defendants' negligence. Plaintiff seeks a verdict for all damages incurred by the estate, plus all costs of court and accrued interest at the legal rate from the date of judgment and attorney's fees, costs and expenses incurred in this action.

FILED BY DEPUTY VICKY WATSON
ON 1/9/2014 - 2:18 PM
CASE NB CV2014-000002 - JSP
CIRCUIT COURT CIVIL - CID = 41
CLERK JOYCE R LOFTIN

### B. Breach of Fiduciary Duty

45. There existed a fiduciary relationship between Margaret Bailey and Jason Shelton and Shelton and Associates.

46. Defendants' acts in failing to communicate with Margaret Bailey and concealing Defendants' conduct from her was a violation of their fiduciary duty to Margaret Bailey acting on behalf of Mamie Chism.

47. Defendants' breach of fiduciary duty proximately caused damages to Mamie Chism's estate.

48. Plaintiff seeks a verdict for all damages incurred by the estate, plus all costs of court and accrued interest at the legal rate from the date of judgment and attorney's fees and expenses incurred in this action.

### C. Punitive Damages

49. Defendants' conduct was grossly negligent.

50. Defendants' conduct was accompanied by intentional conduct in order to fraudulently conceal Defendants' negligence.

51. Punitive damages should be assessed against Defendants in a sufficient amount to punish them and deter other similarly situated persons and entities from committing similar acts in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of $50,000.00 for compensatory damages, punitive damages, costs, attorney's fees and pre and post judgment interest.

This the 6th day of January, 2014.

8

FILED BY DEPUTY VICKY WATSON
ON 1/9/2014 - 2:18 PM
CASE NB CV2014-000002 - JSP
CIRCUIT COURT CIVIL - CID = 41
CLERK JOYCE R LOFTIN

Respectfully Submitted,

**KAREN CAVINESS**, on behalf of the
Estate of Mamie Chism, deceased

By Her Attorney,

*/s/ Philip W. Thomas*

PHILIP W. THOMAS
MS Bar No. 9667


PHILIP W. THOMAS LAW FIRM
Post Office Box 24464
Jackson, MS 39225-4464
(601) 714-5660
pthomas@thomasattorney.com

FILED
TIME _____ AM / PM
JAN 0 9 2014
JOYCE R. LOFTIN
LEE CO. CIRCUIT CLERK
_____ D.C