**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

IMPERIUM INSURANCE COMPANY            **PLAINTIFF**

VS.           **CIVIL ACTION NO.: 1:14CV83-SA-DAS**

JASON SHELTON, SHELTON & ASSOCIATES, P.A.,
AND KAREN CAVINESS, ADMINISTRATRIX OF THE
ESTATE OF MAMIE KATHERINE CHISM, DECEASED      **DEFENDANTS**

_____

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
OF DEFENDANTS, SHELTON & ASSOCIATES, P.A. AND JASON L. SHELTON,
TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**
_____

       **COME NOW**, Shelton & Associates, P.A. and Jason L. Shelton, Defendants in the above styled and numbered cause, by and through their attorneys of record herein and file their Answer, Affirmative Defenses and Counterclaim to the Complaint for Declaratory Judgment exhibited against them by the Plaintiff, Imperium Insurance Company, and in response thereto would show unto the Court as follows:

<u>**FIRST DEFENSE**</u>

       Defendants Shelton & Associates and Jason L. Shelton hereby move this Court to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

<u>**SECOND DEFENSE**</u>

       Defendants Shelton & Associates and Jason L. Shelton hereby move this Court to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(7) for failure to join an indispensable party under Rule 19.

<u>**THIRD DEFENSE**</u>

Defendants Shelton & Associates and Jason L. Shelton hereby plead any and all further defenses available pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

Defendants Shelton & Associates and Jason L. Shelton affirmatively invoke all of the terms and conditions of the Policy issued by Plaintiff, which speaks for itself as to its terms, conditions and provisions.

## FIFTH DEFEENSE

Defendants Shelton & Associates and Jason L. Shelton move this Court to dismiss the Plaintiff's Complaint as the Plaintiff comes to this Court with unclean hands by virtue of its misconduct and numerous breaches of fiduciary duties owed to Defendants.

## SIXTH DEFENSE

The negligence of Plaintiff and Plaintiff's Agents, for whose acts or omissions Defendants Shelton & Associates and Jason L. Shelton are not liable, was the sole proximate cause of any losses or damages sustained by Plaintiff.

## SEVENTH DEFENSE

The Plaintiff is estopped from asserting the claims against Defendants Shelton & Associates and Jason L. Shelton in this Complaint in whole or in part, by virtue of and result of Plaintiff's and Plaintiff's Agents own actions and/or inactions.

## EIGHTH DEFENSE

Defendants Shelton & Associates and Jason L. Shelton hereby plead the doctrines of waiver, laches and estoppel and assert that Plaintiff's action against Defendants Shelton & Associates and Jason L. Shelton is barred thereby.

## NINTH DEFENSE

2

The facts having not been fully developed, Defendants Shelton & Associates and Jason L. Shelton would affirmatively plead the following affirmative defenses as may be applicable in this action: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge and bankruptcy, duress, estoppel, failure of consideration, failure to mitigate damages, fraud, injury by fellow servant, laches, licenses, payment, preexisting injuries or damages, release, *res judicata*, statute of frauds, statutes of limitations, waiver, advice of counsel and any other matter constituting avoidance or an affirmative defense. Further, Defendants Shelton & Associates and Jason L. Shelton deny each and every material allegation of the Complaint by which the Plaintiff seeks to alleviate its obligations to provide Defendants Shelton & Associates and Jason L. Shelton coverage under the policy of insurance issued to them.

## TENTH DEFENSE

Defendants Shelton & Associates and Jason L. Shelton expressly and specifically reserves the right to amend this answer to add, delete, and/or modify defenses based upon legal theories, facts and circumstances which may or will be divulged through discovery and/or further legal analysis of Plaintiff's position in this litigation.

## ELEVENTH DEFENSE

Defendants Shelton & Associates and Jason L. Shelton incorporate all affirmative matter set forth within the counterclaim as an additional affirmative defense.

## ANSWER

Without waiving the defenses set forth herein, Defendants Shelton & Associates and Jason L. Shelton answer the allegations of Plaintiff's Amended Complaint for Declaratory Judgment, paragraph by paragraph as follows:

## PARTIES

I.

Defendants Shelton & Associates and Jason L. Shelton are without sufficient knowledge and information to form a belief as to the truth of the allegations contained within Paragraph 1 of the Plaintiff's Complaint and therefore, said allegations are denied.

II.

The allegations contained within paragraph 2 of Plaintiff's Complaint are admitted.

III.

The allegations contained within paragraph 3 of Plaintiff's Complaint are admitted.

IV.

The allegations contained within paragraph 4 of Plaintiff's Complaint are admitted upon information and belief.

**JURISDICITON AND VENUE**

V.

The allegations contained within paragraph 5 of Plaintiff's Complaint are admitted upon information and belief.

VI.

The allegations contained within paragraph 6 of Plaintiff's Complaint are admitted upon information and belief.

**FACTS**

VII.

Defendants Shelton & Associates and Jason L. Shelton admit that Imperium issued a "claims made and reported" Lawyers Professional Liability Policy to Shelton & Associates and that the policy was attached to Plaintiff's Complaint as Exhibit "A".

VIII.

Defendants Shelton & Associates and Jason L. Shelton deny that on January 6, 2014 a lawsuit alleging legal malpractice or negligence was filed. Defendants further deny that Exhibit "B" contains a lawsuit filed on January 6, 2014. Defendants Shelton & Associates and Jason L. Shelton admit that on January 9, 2014 a Complaint was filed and attached as Exhibit "B" for purported negligence and legal malpractice. Defendants Shelton & Associates and Jason L. Shelton, deny each and every allegation in paragraph 8 on the basis that it contains incomplete and inaccurate characterizations of the allegations of the *Chism* complaint. Defendants Shelton & Associates and Jason L. Shelton further deny that either Karen Caviness or the Estate of Mamie Katherine Chism is entitled to any recovery on her complaint whatsoever.

IX.

Defendants Shelton & Associates and Jason L. Shelton, deny each and every allegation in paragraph 9 on the basis that it contains incomplete and inaccurate characterizations of the allegations of the *Chism* complaint. Defendants Shelton & Associates and Jason L. Shelton further deny that Karen Caviness or the Estate of Mamie Katherine Chism is entitled to any recovery on her complaint whatsoever.

X.

Defendants Shelton & Associates and Jason L. Shelton admit that on January 9, 2014, a Complaint was filed and is attached as Exhibit "B", the contents of which speaks for itself. Except as expressly admitted, Defendants Shelton & Associates and Jason L. Shelton, deny each and every allegation in paragraph 10 on the basis that it contains incomplete and inaccurate characterizations of the allegations of the *Chism* complaint. Defendants Shelton & Associates and Jason L. Shelton further deny that Karen Caviness or the Estate of Mamie Katherine Chism is entitled to any recovery on her complaint whatsoever.

5

XI.

Defendants Shelton & Associates and Jason L. Shelton admit that on January 9, 2014, a Complaint was filed and is attached as Exhibit "B", the contents of which speaks for itself. Except as expressly admitted, Defendants Shelton & Associates and Jason L. Shelton, deny each and every allegation in paragraph 11 on the basis that it contains incomplete and inaccurate characterizations of the allegations of the *Chism* complaint. Defendants Shelton & Associates and Jason L. Shelton further deny that either Karen Caviness or the Estate of Mamie Katherine Chism is entitled to any recovery on her complaint whatsoever.

XII.

Defendants Shelton & Associates and Jason L. Shelton admit that on January 9, 2014, a Complaint was filed and is attached as Exhibit "B", the contents of which speaks for itself. Except as expressly admitted, Defendants Shelton & Associates and Jason L. Shelton, deny each and every allegation in paragraph 12 on the basis that it contains incomplete and inaccurate characterizations of the allegations of the *Chism* complaint. Defendants Shelton & Associates and Jason L. Shelton further deny that either Karen Caviness or the Estate of Mamie Katherine Chism is entitled to any recovery on her complaint whatsoever.

XIII.

Defendants Shelton & Associates and Jason L. Shelton admit that on January 9, 2014, a Complaint was filed and is attached as Exhibit "B", the contents of which speaks for itself. Defendants Shelton & Associates and Jason L. Shelton, deny each and every allegation in paragraph 13 on the basis that it contains incomplete and inaccurate characterizations of the allegations of the *Chism* complaint. Defendants Shelton & Associates and Jason L. Shelton

further deny that either Karen Caviness or the Estate of Mamie Katherine Chism is entitled to any recovery on her complaint whatsoever.

XIV.

Defendants Shelton & Associates and Jason L. Shelton admit that on January 9, 2014, a Complaint was filed and is attached as Exhibit "B", the contents of which speaks for itself. Except as expressly admitted, Defendants Shelton & Associates and Jason L. Shelton, deny each and every allegation in paragraph 14 on the basis that it contains incomplete and inaccurate characterizations of the allegations of the *Chism* complaint. Defendants Shelton & Associates and Jason L. Shelton further deny that either Karen Caviness or the Estate of Mamie Katherine Chism is entitled to any recovery on her complaint whatsoever.

XV.

Defendants Shelton & Associates and Jason L. Shelton admit that on January 9, 2014, a Complaint was filed and is attached as Exhibit "B", the contents of which speaks for itself. Except as expressly admitted, Defendants Shelton & Associates and Jason L. Shelton, deny each and every allegation in paragraph 15 on the basis that it contains incomplete and inaccurate characterizations of the allegations of the *Chism* complaint. Defendants Shelton & Associates and Jason L. Shelton further deny that either Karen Caviness or the Estate of Mamie Katherine Chism is entitled to any recovery on her complaint whatsoever.

XVI.

Defendants Shelton & Associates and Jason L. Shelton admit that on January 9, 2014, a Complaint was filed and is attached as Exhibit "B", the contents of which speaks for itself. Except as expressly admitted, Defendants Shelton & Associates and Jason L. Shelton, deny each and every allegation in paragraph 16 on the basis that it contains incomplete and inaccurate characterizations of the allegations of the *Chism* complaint. Defendants Shelton & Associates

and Jason L. Shelton further deny that either Karen Caviness or the Estate of Mamie Katherine Chism is entitled to any recovery on her complaint whatsoever.

## XVII.

Defendants Shelton & Associates and Jason L. Shelton admit that Imperium was advised of a claim asserted against the Defendants by Mr. James Harbin ("Harbin") on or about January 28, 2013, when the letter attached as Exhibit "C" was provided to Imperium a few days prior to the effective date of the Imperium Policy. Shelton & Associates and Jason L. Shelton admit that the *Harbin* claim was specifically excluded from the Imperium policy. However, Shelton & Associates and Jason L. Shelton deny that the *Chism* matter in the present case at bar is identical to the *Harbin* matter, and Defendants demand strict proof of this allegation. Shelton & Associates and Jason L. Shelton further affirmatively deny that the *Chism* claim was excluded from the Imperium "claims made" policy, as such claim did not exist at the time the policy became effective. Except as expressly admitted, Defendants Shelton & Associates and Jason L. Shelton, deny each and every allegation in paragraph 20.

## XVIII.

Defendants Shelton & Associates and Jason L. Shelton deny paragraph 18 of Plaintiff's Complaint as stated. Defendants Shelton & Associates and Jason L. Shelton would admit that Plaintiff has denied coverage under the policy at issue and has improperly attempted to assert a reservation of rights under correspondence mailed to Defendants on or about April 16, 2014, attached as Exhibit "D". To the extent the allegations contained within Plaintiff's paragraph 18 can in any manner be construed that Defendants Shelton & Associates and Jason L. Shelton are or may be liable to Karen Caviness or the Estate of Mamie Katherine Chism for any injuries or damages, or that they are or may be liable under any theory of recovery, said allegations are denied and strict proof is specifically demanded as to same.

XIX.

Defendants Shelton & Associates and Jason L. Shelton admit the allegations contained in paragraph 19 of Plaintiff's Complaint.

XX.

Defendants Shelton & Associates and Jason L. Shelton admit the allegations contained in paragraph 20 of Plaintiff's Complaint.

## **RELEVANT POLICY PROVISIONS**

XXI.

Defendants Shelton & Associates and Jason L. Shelton admit that they complied with all applicable provisions of the policy issued to them by Imperium; however, Defendants deny that paragraph 21 contains an accurate or complete summary of the terms of Imperium Insurance Company Policy number IFI 770968-00. To the extent the allegations contained within Plaintiff's paragraph 21 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by Karen Caviness or the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

XXII.

Defendants Shelton & Associates and Jason L. Shelton admit that they complied with all applicable provisions of the policy issued to them by Imperium; however, Defendants deny that paragraph 22 contains an accurate or complete summary of the terms of Imperium Insurance Company Policy number IFI 770968-00. To the extent the allegations contained within Plaintiff's paragraph 22 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against

the various Complaints filed by   Karen Caviness or the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

XXIII.

Defendants Shelton & Associates and Jason L. Shelton admit that they complied with all applicable provisions of the policy issued to them by Imperium; however, Defendants deny that paragraph 23 contains an accurate or complete summary of the terms of Imperium Insurance Company Policy number IFI 770968-00. To the extent the allegations contained within Plaintiff's paragraph 23 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by   Karen Caviness or the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

XXIV.

Defendants Shelton & Associates and Jason L. Shelton admit that they complied with all applicable provisions of the policy issued to them by Imperium; however, Defendants deny that paragraph 24 contains an accurate or complete summary of the terms of Imperium Insurance Company Policy number IFI 770968-00. To the extent the allegations contained within Plaintiff's paragraph 24 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by   Karen Caviness or the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

XXV.

Defendants Shelton & Associates and Jason L. Shelton admit that they complied with all applicable provisions of the policy issued to them by Imperium; however, Defendants deny that paragraph 25 contains an accurate or complete summary of the terms of Imperium Insurance

10

Company Policy number IFI 770968-00. To the extent the allegations contained within Plaintiff's paragraph 25 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by   Karen Caviness or the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

XXVI.

Defendants Shelton & Associates and Jason L. Shelton admit that they complied with all applicable provisions of the policy issued to them by Imperium; however, Defendants deny that paragraph 26 contains an accurate or complete summary of the terms of Imperium Insurance Company Policy number IFI 770968-00. To the extent the allegations contained within Plaintiff's paragraph 26 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by   Karen Caviness or the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

XXVII.

Defendants Shelton & Associates and Jason L. Shelton admit that they complied with all applicable provisions of the policy issued to them by Imperium; however, Defendants deny that paragraph 27 contains an accurate or complete summary of the terms of Imperium Insurance Company Policy number IFI 770968-00. To the extent the allegations contained within Plaintiff's paragraph 27 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by   Karen Caviness or the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

**DECLARATORY RELIEF**

11

XXVIII.

Defendants Shelton & Associates and Jason L. Shelton deny the allegations contained within Plaintiff's paragraph 28 of their Complaint. To the extent the allegations contained within Plaintiff's paragraph 28 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by Karen Caviness or the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

**COUNT I**

XXIX.

Paragraph 29 of Plaintiff's Complaint does not contain any allegation(s). Defendants have no basis to admit or deny the statement.

XXX.

Defendants Shelton & Associates and Jason L. Shelton deny the allegations contained within Plaintiff's paragraph 30 of their Complaint. To the extent the allegations contained within Plaintiff's paragraph 30 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by Karen Caviness or the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

**COUNT II**

XXXI.

Paragraph 31 of Plaintiff's Complaint does not contain any allegation(s). Defendants have no basis to admit or deny the statement.

XXXII.

Defendants Shelton & Associates and Jason L. Shelton deny the allegations contained within Plaintiff's paragraph 32 of their Complaint. To the extent the allegations contained within Plaintiff's paragraph 32 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by Karen Caviness, Administratrix of the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

### COUNT III

### XXXIII

Paragraph 33 of Plaintiff's Complaint does not contain any allegation(s). Defendants have no basis to admit or deny the statement.

### XXXIV

Defendants Shelton & Associates and Jason L. Shelton deny the allegations contained within Plaintiff's paragraph 34 of their Complaint. To the extent the allegations contained within Plaintiff's paragraph 34 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by Karen Caviness, Administratrix of the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

### XXXV

Defendants Shelton & Associates and Jason L. Shelton deny the allegations contained within Plaintiff's paragraph 35 of their Complaint. To the extent the allegations contained within Plaintiff's paragraph 35 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against

the various Complaints filed by Karen Caviness, Administratrix of the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

XXXVI

Defendants Shelton & Associates and Jason L. Shelton deny the allegations contained within Plaintiff's paragraph 32 of their Complaint. To the extent the allegations contained within Plaintiff's paragraph 32 can in any manner be construed that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by Karen Caviness, Administratrix of the Estate of Mamie Katherine Chism, said allegations are denied and strict proof is specifically demanded as to same.

The allegations contained within the next unnumbered *ad damnum* paragraph under the section beginning with WHEREFORE, PREMISES CONSIDERED, along with sub-paragraphs A-D, are denied and Defendants Shelton & Associates and Jason L. Shelton specifically denies that the Plaintiff is entitled to any relief whatsoever or that Imperium does not owe Defendants Shelton & Associates and Jason L. Shelton a duty to defend or a duty to indemnify them against the various Complaints filed by Karen Caviness, Administratrix of the Estate of Mamie Katherine Chism, Deceased.

AND NOW, HAVING FULLY AND FINALLY answered the allegations of Plaintiff's Complaint for Declaratory Action filed herein, Defendants Shelton & Associates and Jason L. Shelton make their Answer to the Complaint a counterclaim against the Plaintiff Imperium Insurance Company pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, and in support thereof would show unto the Court the following:

14

## COUNTER-COMPLAINT
### *(Counter-Plaintiff Demands Trial by Jury)*

COMES NOW the Counter-Plaintiff, Jason Shelton, and Shelton & Associates, P.A. ("Shelton"), by and through counsel, and files this, their Counter-Complaint against the Plaintiff, Imperium Insurance Company.   In support of their Counter-Complaint, Counter-Plaintiffs would set forth the following:

### PARTIES

### XXXVII

The Counter-Plaintiff, Jason L. Shelton, is an adult resident citizen of the State of Mississippi, Lee County. The Counter-Plaintiff, Shelton & Associates, P.A. is a law firm established in Tupelo, Mississippi.

### XXXVIII

Counter-Defendant Imperium Insurance Company ("Imperium") is a foreign insurer organized and existing pursuant to the laws of the State of Texas, with its principal place of business located at 800 Gessner Road, Suite 600, Houston, Texas, 77024-4538, who may be served with process by serving counsel who filed the Complaint for Declaratory Judgment. Imperium has contracted with York Professional Liability Group d/b/a YorkPro, Inc. ("YorkPro"), whose principal place of business is One Whitehall Street, 14th Floor, New York, New York, 10004, to act as its agent for administering and/or processing claims under the policies issued by Imperium.

### XXXIX

At all material times, one or more agents, servants, representatives, and/or employees of Imperium acted on its behalf, including but not limited to YorkPro.  As such, Imperium is liable to Plaintiff for the acts and/or omissions of Imperium and its agents, servants, representatives and/or employees through the application of doctrines of *respondeat superior*, agency,

employee/employer liability, actual and/or apparent authority, and/or other legal impositions of vicarious liability.

## JURISDICTION

### XL

This Court has jurisdiction of the parties and the subject matter herein. This Court is the proper venue in this matter as this cause of action occurred and/or accrued in Lee County, Mississippi.

## FACTS

### XLI

At all material times, Counter-Plaintiff, Jason L. Shelton, is and was an attorney licensed by the State of Mississippi to practice law.

### XLII

Shelton purchased a policy of insurance from Imperium. The policy purchased was Policy No. IFI-770968-00, with policy period February 1, 2013, to February 1, 2014.

### XLIII

Subject to its terms, the policy provided costs of defense and indemnification benefits to Shelton, as insured under the policy, in the event of a covered claim. By accepting premiums for the policy, and by issuing the policy to Shelton as an insured, Imperium promised, represented, and warranted that in the event a covered claim was made against Shelton, that Imperium would honor their obligations under the policy and provide costs of defense and indemnification benefits pursuant to the policy.

### XLIV

On or about October 9, 2013, Shelton received a certified letter dated October 7, 2013, from the Phillip W. Thomas Law Firm notifying Shelton that the Estate of Mamie Katherine

Chism, a former client of Shelton, intended to file a claim against them. On the same day that Shelton received said letter notifying them of the *Chism* claim, Shelton scanned the letter and forwarded it via email to insurance agent Tony Fornaro to notifiy Imperium of the claim and seek coverage for the claim under the subject policy. Two days later, on October 11, 2013, Shelton received an email from Evynne Grover with YorkPro acknowledging that she had been retained by Imperium to assess and process the claim. On October 15, 2013, Shelton received a formal letter from YorkPro acknowledging receipt of the claim on behalf of Imperium.

XLV

Numerous correspondence from Shelton, Brad Morris, and others requested that Imperium intervene to handle the claim, provide defense for Shelton, or otherwise settle the claim. Imperium and its agents have repeatedly and, without justification or good faith cause, delayed action and failed to provide legal defense or indemnification to Shelton for the *Chism* claim, as it is obligated to do under the subject policy. The dates of such correspondence and relevant events for the *Chism* claim are, as follows:

a) November 11, 2013: Email from Jason Shelton's office manager, Suzsan McGehee, to Evynne Grover notifying her the *Chism* file was in the process of being scanned for submission to YorkPro to assist in processing the claim;

b) November 15, 2013: Email from Suzsan McGeHee to Evynne Grover requesting that YorkPro make contact with attorney Phillip Thomas to prevent a law suit from being filed. A scan of the full *Chism* file was attached to the email, as requested by Ms. Grover;

c) December 2, 2013: Email from Jason Shelton to Evynne Grover explaining "the story" behind the *Chism* claim, as requested by Ms. Grover;

d) December 5, 2013: Shelton received letter from YorkPro denying coverage on the *Chism* claim;

e) January 7, 2014: Letter of representation from Brad Morris to YorkPro demanding coverage and defense of claim to prevent the filing of a lawsuit by the Estate of Mamie Katherine Chism, with a copy of potential complaint provided by Phillip Thomas attached with the letter;

17

f) January 9, 2014:  YorkPro/Imperium does not respond, so Phillip Thomas filed Complaint against Shelton by Estate of Mamie Katherine Chism;

g) January 22, 2014:  A 30-day extension of time for Shelton to file Answer to Complaint is obtained at the request of Brad Morris, since YorkPro/Imperium failed to provide defense counsel to Shelton;

h) March 14, 2014:  Letter to Evynne Grover from Brad Morris re: no response regarding acceptance of coverage and defense of claim;

i) March 18, 2014:  Phone call from YorkPro/Imperium counsel Stuart Robinson to Brad Morris notifying that Imperium will defend under reservation of rights; however, no defense counsel is appointed and Brad Morris is advised to "do whatever is necessary" to defend the suit;

j) April 16, 2014:  Reservations of Right Letter from YorkPro to Brad Morris;

k) June 4, 2014:  Brad Morris communicates to Leo Carmody in phone call that defense counsel has still not been appointed by Imperium to defend the *Chism* claim;

l) June 18, 2014:  Law Firm of Galloway, Johnson, Tompkins, Burr and Smith notify Brad Morris by letter that they have been appointed defense counsel by YorkPro/Imperium.

## XLVI

Furthermore, on or about December 5, 2013, counsel for Stephen P. Livingston, the Bankruptcy Trustee, made Imperium aware of the claims against Shelton & Associates and Jason L. Shelton, arising out of their representation of Paul Tyler (the "*Tyler* claim"). Imperium knew that it was a claims made policy, which Shelton had paid for coverage, and yet refused to cover the claim made by Paul Tyler's Bankruptcy Estate during the coverage period. Imperium knew that Shelton had a retroactive policy date for coverage, back to February 1, 2004.

## XLVII

On January 27, 2014, Stephen P. Livingston, the Trustee on behalf of Paul Tyler's Bankruptcy Estate, filed a *Complaint* in the United States Bankruptcy Court for the Northern District of Mississippi against Shelton & Associates, Jason L. Shelton, and others alleging negligence and/or legal malpractice arising from their representation of Tyler in a civil action filed against him by Automotive Finance Company, Inc. Then on February 14, 2014, Livingston, Trustee on behalf of

18

Tyler's Bankruptcy Estate filed a *Voluntary Non-Suit* in the United States Bankruptcy Court and simultaneously filed a *Complaint* in the Circuit Court of Lee County, Mississippi against Shelton & Associates, Jason L. Shelton, and others alleging negligence and/or legal malpractice arising from their representation of Tyler in a civil action filed against him by Automotive Finance Company, Inc.

### XLVIII

On February 28, 2014, an Amended Complaint was filed against Shelton & Associates, and others, and which added or otherwise included claims against Daniels, a former Shelton employee. Most recently, a Second Amended Complaint asserting identical claims against Shelton & Associates was filed on March 12, 2014.

### XLIX

As alleged in the Second Amended Complaint of the *Tyler* claim, all negligence/legal malpractice claims arise from Shelton & Associates, Shelton, and his employees in representation of Tyler in an action filed in the Circuit Court of Calhoun County, in which a $2,949,873, a judgment was awarded against Tyler in favor of AFC.

### L

Numerous correspondences from Shelton, Greg Brown, and others requested that Imperium intervene to handle the claim or otherwise settle the claim. These dates of these actions in the *Tyler* claim are listed as follows:

a) January 24, 2014, email from Jason Shelton to Evynne Grover re: immediate action.

b) January 24, 2014, email from Evynne Grover to Jason Shelton re: investigating coverage;

c) January 27, 2014, Email from Jason Shelton to Evynne Grover re: insurance refusal to defend;

d) January 28, 2014, Letter to Evynne Grover from J. Greg Brown re: Representation and coverage;

e) February 27, 2014, Email to Stuart Robinson from J. Greg Brown re: coverage opinion;

f) February 28, 2014, Email to J. Greg Brown from Stuart Robinson re: looking at coverage;

g) March 1, 2014, Email to Sutart Robinson from J. Greg Brown re: York Pro's decision to defend clients;

h) March 14, 2014; Letter to Evynne Grover from J. Greg Brown re: no response regarding acceptance of coverage;

i) March 14, 2014, Email to J. Greg Brown from Jason Shelton attaching Brad Morris letter to York Pro;

j) March 20, 2014, Email to J. Greg Brown from Stuart Robinson re: no decision being made on coverage;

k) April 14, 2014, Email to J. Greg Brown from Stuart Robinson re: York Pro will defendant under a reservation of rights.

## LI

On or about April 14, 2014, Imperium, knowing that an Answer was due that day, issued a coverage letter from Stuart Robinson, counsel for Imperium, who said Imperium was defending under a reservation of rights. That letter was not received until later in May 2014. To this date, Shelton's counsel has not been paid and Imperium has asserted no defense to the claims made against Shelton.

## LII

Notwithstanding that the claim of Counter-Plaintiff was covered under the subject policy, and notwithstanding the fact that Counter-Defendants were imposed with a non-delegable duty under *the* contracts and under law to provided benefits to Counter-Plaintiff, Counter-Defendants refused to provide coverage, and denied benefits under said policy (The Counter-Defendants refused to provide either defense or indemnification benefits to Counter-Plaintiff). Such refusal was and is a breach of the contract of insurance with Counter-Plaintiff. Such denial of claims and failure to provide coverage under the policy was unreasonable, and undertaken without a legitimate or arguable reason, and undertaken in reckless disregard for the rights of Counter-

Plaintiffs.

### XLIX.

The denial of Counter-Plaintiffs claim(s) was a breach of contract by Counter-Defendants, accompanied by such acts of malice, willfulness, illegality, and negligent and grossly negligent conduct to warrant the imposition of punitive damages.

### LIII

As a result of Counter-Defendants' conduct, Counter-Plaintiff suffered damages, including emotional distress, aggravation, inconvenience, financial harm and damages, including incurring attorneys' fees in defense of the action, all for which recovery is sought by reason of this action.

## COUNT ONE:
## BREACH OF CONTRACT - TORTIOUS BREACH OF CONTRACT

### LIV

Paragraphs I - LIII are incorporated herein as if reproduced in full. The contract of insurance entered into between Counter-Plaintiff and Counter-Defendant constituted binding contracts of insurance, which Counter-Defendant were required to perform according to the terms of the contract in good faith, and with fair dealing.

### LV

By and through Counter-Defendant's conduct, as set forth herein, and as will be shown at trial of this matter, Counter-Defendant breached such contract of insurance.

### LVI

As a result of Counter-Defendant's breach of contract, Counter-Plaintiff suffered damages as set forth herein.

### LVII

The conduct of Counter-Defendant in breach of contract was of such a malicious, intentional, willful, wanton, illegal, and *grossly* negligent character, undertaken in conscious disregard for the rights of Counter-Plaintiff, that the conduct rose to the level of an independent tort, constituted tortious breach of contract, and warrants the imposition of punitive and/or extra-contractual damages to an extent required to deter Counter-Defendant, and others in similar positions, from like or similar conduct in the future.

**COUNT TWO:**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

LVIII

Paragraphs I - LIII are reproduced herein as if reproduced in full. Counter-Defendant, in contracting with the Counter-Plaintiff, owed Counter-Plaintiff a duty of good faith and fair dealing. By issuing the subject policies to Counter-Plaintiff to further Counter-Defendant's business, and by representing to Counter-Plaintiff that adequate insurance coverage was in force, and by reason of Counter-Plaintiff's reasonable and detrimental reliance thereon, a contract was formed between Counter-Defendant on the one hand, and Counter-Plaintiff on the other. Such contract, as a matter of law, imposed upon the parties a non-delegable duty of good faith and fair dealing with respect to the parties' conduct and performance of such contract.  In every contract entered into in Mississippi there are implied covenants of good faith and fair dealings.  Blue Cross & Blue Shield of Miss. v. Maas, 516 So.2d495,498 (Miss. 1987); Andrew Jackson Life Ins. Co. v. Williams, 566 So.2d 1172, 1188-89 (Miss. 1990); Cenac v. Murry, 609 So.2d 1257, 1272 (Miss. 1992); cf Miss. Code Ann. §75-1-203 (1972)(imposes obligation of good faith). These implied covenants prevent one party from exercising judgment in such a manner as to evade the spirit of the transaction or to deny the other party the expected benefits of the contract. Counter-Plaintiff alleges that the Counter-Defendant's conduct in failing to timely investigate and/or pay the Counter-Plaintiff's claim covered under the subject policy constitutes a breach of

this implied covenant of good faith and fair dealing. <u>Bankers Life & Cas. Co. v. Crenshaw</u>, 483 So.2d 254 (Miss. 1985), aff'd, 486 U.S. 71 (1988).

LIX

In denying the covered claims, Counter-Defendants breached the duty of good faith and fair dealing with respect to Plaintiff.

LX

As a result of such, Counter-Plaintiff sustained damages.

LXI

The conduct of Counter-Defendant, in breach of such duties of good faith and fair dealing, was of such a malicious, intentional, willful, wanton, illegal, and grossly negligent character, undertaken in conscious disregard for the rights of Counter-Plaintiff, that the conduct rose to the level of an independent tort, constituted tortious breach of contract, and warrants the imposition of punitive and/or extra-contractual damages to an extent required to deter Counter-Defendants, and others in similar positions, from like or similar conduct in the future.

**COUNT THREE:**
**<u>NEGLIGENCE AND GROSS NEGLIGENCE</u>**

LXII

Paragraphs I - LIII are incorporated herein as if reproduced in full. At all times material hereto, Counter-Defendant, and each of them, owed non-delegable duties to Plaintiff and others similarly situated to investigate, adjust, and pay claims under the subject policies in a prompt and reasonable manner. Said duties were breached, to the detriment of Counter-Plaintiff.

LXIII

Specifically, Counter-Defendant's negligent, grossly negligent, malicious and wrongful conduct included, but was not limited to, the following:

   a.   Failure to promptly investigate and adjust claims and honor coverage under the

23

provisions of the subject policy.

    b.   Failure to promptly and unconditionally tender to Plaintiff an appropriate and adequate defense owed under the coverage's of the policy at issue.

    c.   Failing to keep advised of the requirements of Mississippi law with respect to the construction, operation, and effect of Mississippi law on the policy provisions and coverage's of the policy.

    d.   Failing to adopt rules, standards, policies, and/or procedures to interpret and apply policy provisions on a consistent basis and to communicate such rules, policy procedures, and/or policy interpretations to insured's end/or agents to alleviate confusion, vagueness, and ambiguities in its policies.

    e.   Failing to properly conduct audits of policy holders to ascertain whether the insured and insurer shared intent as to the scope and breadth and material coverages of the policies purchased and serviced.

    f.   Such other acts and omissions as to be shown at trial of this matter.

LXIV

Counter-Defendant negligently, and with gross negligence, adjusted Counter-Plaintiff's claims. Counter-Defendant's conduct, as set forth above, was intentional, and/or in the alternative, accompanied by gross negligence and/or malice, was undertaken with reckless disregard for the rights of Plaintiff and others, and rose to the level of an independent tort. As such, Counter-Defendant, or one or more of them, in their capacities as adjusters, separate and apart from the contractual obligations of defense and indemnification owed to Counter-Plaintiff are liable to Counter-Plaintiff for the acts of adjustment, pursuant to Bass v. California Life Insurance Company, et al 581 So.2d 1087 (Miss. 1991), and Gallagher Bassett Service .c. v. Jeffcoat, 887 Sold 777 (Miss. 2004). Additionally, liability for one or more of Counter-Defendant's wrongful acts and omissions of adjustment of Counter-Plaintiff's claims, is attributable to one or more other Counter-Defendants *herein,* through principles and doctrines of *respondeat superior,* master/servant liability, employer/employee liability, agency, actual and/or apparent authority, and/or other common law and statutory impositions of vicarious liability.

24

LXV

As a result of Counter-Defendant's negligent, grossly negligent, malicious conduct, undertaken with reckless disregard for the rights of Counter-Plaintiff *and* others, Counter-Plaintiff sustained damages.

**COUNT IV:**
**BAD FAITH REFUSAL TO PROVIDE COVERAGE AND FAILURE**
**TO PROMPTLY AND ADEQUATELY INVESTIGATE THE CLAIM**

LXVI

Paragraphs I - LIII are incorporated herein as if reproduced in full. The actions of Counter-Defendant, and each of its agents in willfully, intentionally or with gross negligence refusing to honor the obligations to Counter-Plaintiff imposed under the subject policy of insurance and in accordance with the laws of the State of Mississippi, constitute bad faith and entitle the Counter-Plaintiff to an action at law against each of the Counter-Defendant for such willful and intentional actions. The Defendant's willful refusal to honor the subject contract of insurance in accordance with the subject policy between Counter-Plaintiff and Counter-Defendant was undertaken without any legitimate or arguable reason, in an effort to deny coverage under the policy and in direct contravention of the laws of this state regarding rights of the insured. Such denial was undertaken with complete disregard of the terms of the policies, and is sufficient to constitute an independent, intentional tort for which the Counter-Defendant, and each of them, are liable. Specifically, such willful and intentional refusal without arguable reason to honor the contract of insurance between Counter-Plaintiff and Counter-Defendant evidences gross indifference to and reckless disregard of and for the rights of the Counter-Plaintiff, a beneficiary to the contract of insurance, and constitutes the type of intentional, independent tort which entitles the Counter-Plaintiff to an award of compensatory as well as punitive damages against the Counter-Defendant.   Under the contract at issue in this claim, and under Mississippi

law, the Counter-Defendant owed a duty to the Counter-Plaintiff to promptly investigate the claims of the Counter-Plaintiff during the policy period. Eichenseer v. Reserve Life Ins. Co., 682 F.Supp. 1355 (N.D. Miss.1988), affd, 881 F.2d 1355 (5th Cir. 1989); Lewis v. Equity Nat'I Insur. Co., 637 So. 2d 183 (Miss. 1994) ; Blue Cross & Blue Shield of Miss. v. Maas, 516 So.2d495,498 (Miss. 1987); and Caldwell v. Alfa Ins. Co., 686 So.2d 1092 (Miss., 1996).

## LXVII

The Counter-Defendant has acted in bad faith, intentionally, willfully, and with callous, gross indifference and disregard for the rights of the Counter-Plaintiff and/or with gross negligence, have breached their duties to the Counter-Plaintiff without legitimate, justifiable or reasonably arguable basis including, but not limited to, the following, each of which constitutes a separate and independent tort:

      a.  willfully or with gross negligence refusing to honor the contract of insurance;

      b.  willfully or with gross negligence failing and refusing to honor a contract of insurance after Learning there was no legitimate, justifiable or reasonably arguable basis for denying coverage;

      c.  by failing to properly investigate claims and instead merely denying any obligation to investigate and/or relying upon an invalid, factually incredible, and pre-textual reason for failing to pay claims;

      d.  by acting contrary to and in violation of Counter-Defendant's own policies and procedures as well as established industry standards and Mississippi law for adjusting insurance claims such as the claim which is the subject of this Complaint;

      e.  by failing to promptly or adequately investigate this claim including disregard of the responsibility to investigate the facts surrounding the claim, and disregard of the policy terms as to the coverage afforded, and the promises and assurances of Counter-Defendant and its agents with respect to coverage provided under the policy;

      f.  such other acts as may be specified at trial.

## LXVIII

As a proximate result of the wrongful conduct of Counter-Defendant and its agents, as stated above, Counter-Plaintiff sustained damages, as set forth herein.

## LXIX

The Counter-Defendant has acted intentionally and in bad faith, with such willfulness, malice, gross and reckless disregard of the Counter-Plaintiffs as is equivalent to a wrongful refusal of payment of a legitimate claim, without a legitimate or arguable reason to deny payment of the claim, evidencing wanton and ruthless disregard for the rights of the Counter-Plaintiffs thereby entitling the Counter-Plaintiffs to recover punitive damages.

## COUNT FIVE
## VICARIOUS AND JOINT LIABILTIY

## LXX

Paragraphs I - LIII are incorporated herein as if reproduced in full. At all material times, Counter-Defendant, its agents, and employees acted in the course and scope of their employment and/or agency relationship with other Counter-Defendants named herein, with the actual and/or apparent authority to do so, and acted in furtherance of Counter-Defendant's mutually profitable business interests. As a result thereof, Counter-Defendant herein is liable to Counter-Plaintiff for the wrongful acts, negligence, and misdeeds of such individuals and entities, and such wrongful *acts* and omissions are attributable to other Counter-Defendants named herein through principles and doctrines of *respondeat superior,* master/servant liability, employer/employee liability, agency, actual and/or apparent authority, and/or other common law and statutory impositions of vicarious liability.

## LXXII.

On good faith information and belief, Counter-Plaintiff alleges that Counter-Defendants herein *are* jointly and severally liable to Counter-Plaintiff for the wrongful acts and conduct as set forth herein, under principals of joint venture, common control, complete ownership, alto ego, and/or, in the alternative, that the corporate veil of one or more Counter-Defendants herein, be pierced to demonstrate the actual control and ownership interest of each such Counter-

Defendant, and to establish joint and several liability on behalf of all such Counter-Defendants for the wrongful acts as *set* forth herein.

LXXIII

At all material times, Counter-Defendant's agents and acted *in* the course and scope of their employment and/or agency relationship with Counter-Defendant, *with* the actual and/or apparent authority so to do, and acted in furtherance of Counter-Defendant's business interests. As a result thereof, Counter-Defendant is liable to Counter-Plaintiff for the wrongful acts, negligence, and misdeeds of all such individuals and entities, and such wrongful acts and omissions are attributable to Counter-Defendant through principles and doctrines *of respondeat superior,* master/servant employer/employee liability, agency, actual and/or apparent authority, and/or other common law and statutory impositions of vicarious liability.

<strong>COUNT SIX<br>PROMISSORY AND/OR EQUITABLE ESTOPPEL</strong>

LXXIV

Paragraphs I - LIII are incorporated herein as if reproduced in full. Counter-Plaintiff relied upon promises made by the Counter-Defendant orally and in wiling that coverage for the claim that was ultimately denied was provided by the policy at issue. Counter-Defendant also represented that the policy was in effect as of the material dates as set forth herein.

LXXV

Counter-Plaintiff has been injured as a result of the Counter-Defendant's failure to honor their promises. Specifically, Counter-Plaintiff detrimentally relied upon the Counter-Defendant's promises and actions evidencing that coverage was afforded under the policy, in not making alternative arrangements to obtain and/or replace the policy in question. Further, Counter-Defendant accepted additional premium for risks that Counter-Defendant then asserted were not covered under the policy. Counter-Defendant's inconsistencies in that regard estop Counter-

28

Defendant from asserting a lack of coverage for the disputed claims and coverages.

LXXVI.

Therefore, the Defendant, and its agents, should be estopped from claiming and/or asserting herein that no coverage for the disputed *claims* was present under the contracts of insurance.

**COUNT SEVEN**
**CLAIM FOR DECLARATORY RELIEF**

LXXVIII

In addition to seeking damages in contract and tort from Counter-Defendant, Counter-Plaintiff requests that this Court declare the rights, status, and legal relations of the parties under the contracts of insurance at issue, pursuant to M.R.C.P. 57 (Declaratory Judgments).

**DAMAGES**

LXXIX

Paragraphs I - LIII are incorporated herein as if reproduced in full. As a result of Counter-Defendant's wrongful conduct as set forth herein, Counter-Plaintiffs sustained damage; including, but not limited to: incurring fees and costs related to the defense of claims that should have been covered under the policy at issue; injury to professional and business reputation; other economic end non-economic damages that will be shown at trial of this matter; inconvenience, aggravation, and emotional distress, all in an amount in excess of $75,000.00.

**PUNITIVE DAMAGES**

LXXX

Paragraphs I - LIII are incorporated herein as if reproduced in full. Counter-Defendant's aforementioned conduct exhibited a total disregard for the rights of the Counter-Plaintiff, was a willful and wanton breach of the duties owed to the Counter-Plaintiff, and constituted tortious breach of contract as well as a breach of the duty of good faith and fair dealing. As a result of such inexcusable conduct, Counter-Defendant should be assessed with punitive and exemplary

damages in an amount sufficient to punish them and to deter such similar conduct in the future.

WHEREFORE, PREMISES CONSIDERED, Defendants, Shelton & Associates and Jason L.

Shelton respectfully request that this Court enter an Order against Imperium Insurance Company and

in favor of Jason L. Shelton and Shelton & Associates, P.A. along with the following relief:

(A) Judgment for damages in an amount to compensate the Counter-Plaintiffs for damages, attorneys' fees and all costs of court suffered as a result of the allegations contained in this Counter-Complaint;

(B) Punitive damages in the amount of One Million Dollars and Zero Cents ($1,000,000.00);

(C) Pre-judgment and post-judgment interest;

(D) Defendants/Counter-Plaintiffs pray for such other relief, both general and specific, as this Court deems appropriate in the premises; and

(E) Pursuant to Fed. R. Civ. P. 38 and § 31 of the Mississippi Constitution, Defendants/Counter-Plaintiffs Shelton & Associates and Jason L. Shelton demand a trial by jury on all claims as to which they have a right to trial by jury.

(F) Declaratory relief ordering Counter-Defendant to defend and indemnify the underlying claim(s) in this matter.

THIS the 2nd day of July, 2014.

                                        **SHELTON & ASSOCIATES, P.A.**
                                        **AND JASON L. SHELTON**


                                        /s/ Brad Morris
                                        **BRAD MORRIS**
                                        **MS BAR NO.: 104017**
                                        ATTORNEY FOR DEFENDANTS
                                        SHELTON & ASSOCIATES, P.A.
                                        AND JASON L. SHELTON

**Of Counsel:**

**BRAD MORRIS LAW FIRM, PLLC**
1603 UNIVERSITY AVENUE
POST OFFICE BOX 2136
OXFORD, MS 38655

TELEPHONE: 662-701-0909
FACSIMILE: 888-636-8701
EMAIL:  brad@bradmorrislawfirm.com

**MARC BOUTWELL**
**ATTORNEY AT LAW**
103 W. CHINA STREET
POST OFFICE BOX 956
LEXINGTON, MS 39095-0956
Telephone (662) 834-9029
Facsimile (662) 834-3117
boutwel1@bellsouth.net

## CERTIFICATE OF SERVICE

I, Brad Morris, attorney for the Defendants, Shelton & Associates and Jason L. Shelton, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification to the following and/or mailed copies of same to Non ECP participants as follows:

**Attorneys for Imperium Insurance Company**
Stuart Robinson, Jr., Esq.
Leo J. Carmody, Jr., Esq.
P.O. Box 131
Jackson, MS 39205-0131
srobinson@wellsmar.com
lcarmody@wellsmarble.com

THIS the 2nd day of July, 2014.

/s/ Brad Morris
BRAD MORRIS