# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

IMPERIUM INSURANCE COMPANY                                        PLAINTIFF

V.                                              CAUSE NO.: 1:14-CV-00083-SA-DAS

JASON SHELTON, et al.                                             DEFENDANTS

## ORDER

The Administratrix for the estate of Mamie Katherine Chism initiated suit in the Circuit Court of Lee County, Mississippi against Shelton & Associates and Jason Shelton. Subsequently, Imperium & Associates, P.A., the professional liability insurance carrier for Shelton & Associates commenced this coverage dispute against the Administratrix, Shelton & Associates, and Shelton. Imperium, Shelton & Associates, and Shelton have filed a Joint Motion to Stay [66].[1]

In the underlying and ongoing state action, the Administratrix alleges that Shelton & Associates and Shelton are liable for committing legal malpractice in their representation of Chism's estate during the litigation of a pharmaceutical products liability claim. In the present action, Imperium seeks a declaration that it owes no duty to defend Shelton & Associates or Shelton in the state action or indemnify them for liability that may accrue as a result of that proceeding. Also in this case, Shelton & Associates and Shelton have filed counterclaims against Imperium, seeking a declaration of coverage under the insurance policy as well as damages under a variety of state law theories, including breach of contract, bad faith, negligence, gross negligence, and promissory estoppel.

---

[1] This motion is unopposed. However, a nearly identical motion to stay, filed in the companion coverage case styled Imperium Insurance Co. v. Shelton & Associates, P.A., 1:14-cv-00084-SA-DAS, is contested.

In support of this motion, the movants urge the Court to stay the present case until the state court action is resolved, which they contend will alleviate scheduling concerns and the risk that federal court discovery will prejudice the state court defendants in that action.

The Fifth Circuit has explained that one of two standards governs when the district court considers whether to stay federal proceedings pending the resolution of a related civil action in state court. New England Ins. Co. v. Barnett, 561 F.3d 392, 394 (5th Cir. 2009) (citation omitted). When the federal case involves only claims for declaratory relief, the appropriateness of a stay is evaluated under the discretionary Brillhart standard. Id. (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)). But when the federal suit involves claims for both declaratory relief and other remedies, the Court will generally determine whether to stay the action under the Colorado River abstention doctrine. Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc., 408 F.3d 248, 251-52 (5th Cir. 2005) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-19, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976)). While declaratory relief is at issue in this case, the counter-claimants have alleged damage claims, and thus the Court applies the Colorado River standard.[2]

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Stewart v. W. Heritage Ins. Co., 438 F.3d 488, 493 (5th Cir. 2006) (quoting Colorado River, 424 U.S. at 814, 96 S. Ct. 1236). Thus, under Colorado River, this Court may "decline to exercise or postpone the exercise of its jurisdiction" only as "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." 424 U.S. 800, 813, 96 S. Ct. 1236. "[O]nly the clearest of justifications" will permit the Court to

---

[2] When non-declaratory relief is asserted in addition to declaratory relief, the more relaxed Brillhart standard is appropriate only if the "party's request for [other] relief is either frivolous or is made solely to avoid application of the Brillhart standard." Am. Guarantee, 408 F.3d at 251 n.15 (quoting Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 649-50 (5th Cir. 2000)) (alteration in original). No party has asserted that the counterclaims here were made for an improper purpose, and thus Brillhart is inapposite.

abstain from jurisdiction. Id. at 819, 96 S. Ct. 1236. In determining whether such justifications exist, the Supreme Court has supplied the following factors for consideration:

> (1) the assumption by either court over a res; (2) the relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings to protect the rights of the party invoking federal jurisdiction.

Transocean Offshore USA, Inc. v. Catrette, 239 F. App'x 9, 12 (5th Cir. 2007) (citing Colorado River, 424 U.S. at 818, 96 S. Ct. 1236).

However, in the absence of a state proceeding that is "parallel" to the federal action, staying the case under Colorado River is never appropriate. Exxon Corp. v. St. Paul Fire & Marine Ins. Co., 129 F.3d 781, 785 (5th Cir. 1997) (citing Hartford Acc & Indem. Co v. Costa Lines Cargo Servs, Inc., 903 F.2d 352, 360 (5th Cir. 1990)) (The Fifth Circuit "has clearly held that in order to consider the propriety of a stay pending disposition of state court actions, the federal and state cases must be parallel . . . ."). Indeed, granting a motion to stay pursuant to Colorado River in the absence of a parallel state suit constitutes an abuse of discretion. See Transocean, 239 F. App'x at 12; Am. Guarantee, 408 F.3d at 251; see also Hampton v. Tunica Cnty. Bd. of Sup'rs, 2009 WL 902043, at *5 (N.D. Miss. 2009).

For actions to be considered parallel, they must "involv[e] the same parties and the same issues." Hartford, 903 F.2d at 360. The Fifth Circuit has held that where "issues of coverage, policy interpretation, and bad faith are being litigated" in the federal court, but not the state court, the two proceedings are not parallel. Exxon, 129 F.3d at 786. That Court has further found lawsuits not to be parallel even though the federal and state actions involved "the same underlying episode and entail[ed] significant overlapping proof[.]" Hartford, 903 F.2d at 360; Am. Guarantee, 408 F.3d at 251. Additionally, it has held that when the federal plaintiff is not a

3

party to the state action, the proceedings are not parallel. See Am. Guarantee, 408 F.3d at 252; Exxon, 129 F.3d at 786; Hartford, 903 F.3d at 360.

Here, the state action involves claims by the Administratrix for legal malpractice, arising out of duties imposed by the attorney-client relationship. See Singleton v. Stegall, 580 So. 2d 1242, 1244 (Miss. 1991). The federal action, by contrast, involves claims and counterclaims arising from an insurer-insured relationship and involves issues of coverage, policy interpretation, and bad faith. See Exxon, 129 F.3d at 786. Although there may be overlapping proof and questions, e.g., whether the state court defendants committed malpractice, the bases for the respective causes of action are not the same. Further demonstrating the lack of parallelism, the original plaintiff in this suit, Imperium, is *not* a party to the state action. See Canal Ins. Co. v. XMEX Transport, LLC, 1 F. Supp. 3d 516, 526 (W.D. Tex. Mar. 4, 2014) (In insurance coverage disputes, "[c]ourts routinely . . . find that proceedings are not parallel when the federal declaratory plaintiff is not a party to the litigation."); see also Am. Guarantee, 408 F.3d at 252; Exxon, 129 F.3d at 785; Admiral Ins. Co. v. Little Big Inch Pipeline Co., Inc., 496 F. Supp. 2d at 787, 791 (W.D. Tex. 2007).

Because the issues and the parties in the Lee County Circuit Court action are different from those in the present case, the Court finds that the two suits are not parallel and that a stay would be inappropriate. Therefore, the Joint Motion for Stay [96] is DENIED.

SO ORDERED on this, the 27th day of April, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**